## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **Keith Eugene Washington,** | **Civil No. 05-1410 (MJD-JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Mark Uner,** **Chyrce Binder, and** **Officer Kirkpatrick,** | |
| Defendants. | |

This matter is before the undersigned on the defendants' motion for summary judgment (Doc. No. 33) and plaintiff Keith Washington's motion against summary judgment (Doc. No. 42). Mr. Washington (Washington) is proceeding on his own behalf. The defendants are represented by Mark B. Levinger, Assistant Minnesota Attorney General. These motions are referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Washington is serving prison time in the Minnesota state prison system. He brings action, under 42 U.S.C. § 1983, regarding his custody at a prison in Rush City. Washington alleges that the defendants, who were prison staff at Rush City, failed to take adequate measures to protect him from other prisoners in July and August 2003.

In their current motion for summary judgment, the defendants argue that Washington did not lodge a grievance about this issue, and so he failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). Washington counters that he filed a grievance and exhausted the remedies available to him. In the alternative, Washington claims that the prison's administrative remedies were

insufficient and that these remedies would be futile.

To obtain a summary judgment, a party must demonstrate that there are no issues of material fact and that it is entitled to judgment as a matter of law. *Meterlogic, Inc. v. KLT, Inc.*, 368 F.3d 1017, 1018 (8th Cir. 2004). For an issue of material fact to exist, there must be sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Morgan v. United Parcel Serv. of America, Inc.*, 380 F.3d 459, 463 (8th Cir. 2004). Under this standard, all reasonable inferences are taken in favor of the nonmoving party. *Singletary v. Missouri Dep't of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005).

The exhaustion requirement of the Prison Litigation Reform Act is supplied by 42 U.S.C. § 1997e(a), which provides,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

So where a prisoner has failed to exhaust administrative remedies, by failing to lodge a grievance about an issue in accordance with the regulations of the prison, the prisoner may not proceed with litigation in the courts. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The failure to exhaust remedies is an affirmative defense, meaning that the defendant has the burden to plead and to prove that a prisoner has not exhausted administrative remedies. *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001). Some Eighth Circuit cases suggest that the prisoner has the burden to prove exhaustion. *See Sargent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003) (summarily stating this rule); *McAlphin v. Morgan*, 216 F.3d 680, 682 (8th Cir. 2003) (per curiam) (same). But a preponderance of Eighth Circuit cases state that, on a motion for summary judgment, the defendants have

the burden to prove a prisoner's failure to exhaust. *Munson v. Norris*, 435 F.3d 877, 880 (8th Cir. 2006); *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (en banc). This rule accords with the principle that, where a motion for summary judgment is based on an affirmative defense, the moving party has the burden to establish that defense. *See Ballard v. Rubin*, 284 F.3d 957, 964 n. 6 (8th Cir. 2002).

According to Minnesota prison regulations, a prisoner is ordinarily required to file formal grievances with an in-prison grievance coordinator. But in circumstances where the prisoner has received threats, or can establish potential danger if the grievance were known to others at the prison, the prisoner may instead submit the grievance directly to the central office of the Department of Corrections (DOC). When this procedure is used, the in-prison grievance coordinator makes no record of the grievance. (Aff. of B. Walker, Aug. 1, 2006 at 2; *id.*, Exh. 1 (Dep't of Corrections Policy 303.100 (June 1, 2003).)

Through various affidavits, the defendants allege that Washington failed to lodge a grievance. According to Beth Walker, grievance coordinator at the Rush City prison, Washington did not lodge any grievances alleging his safety was at risk. (Aff. of B. Walker, Aug. 1, 2006 at 2.) She also noted that she had no record of such a grievance. (*See id.*, Exh. 2.) According to Kim Ebeling, grievance coordinator at the central office of the DOC, she reviewed her files and determined that Washington never directly submitted a grievance there. (Aff. of K. Ebeling, Aug. 1, 2006 at 2.)

Washington counters that he submitted a grievance directly to the central office of the DOC in July 2004. But the DOC, instead of responding to the grievance, sent it back to Robert Feneis, the warden at the Rush City prison. (Aff. of K. Washington, Aug. 7, 2006 at 1, 4.) Washington does not explain how he learned that Feneis received the grievance. Assuming that these communications took place, the record does not show whether they were documented, or whether prison staff ever responded to the grievance.

3

Even when all reasonable inferences are taken in Washington's favor, the record fails to show that he exhausted administrative remedies. Prison officials have shown that Washington never filed a grievance about threats to his safety from other prisoners, and their allegations are supported by documentary records. Although Washington contends that he did file a grievance, he has no proof that he did so, aside from his own affidavit.

Presented with this evidence, a reasonable juror could only conclude that no grievance was filed. Without proof that Washington exhausted administrative remedies, his action is barred under the PRLA and the defendants are entitled to judgment as a matter of law. As a result, the defendants prevail on their motion for summary judgment.

Anticipating this outcome, Washington argues that the available administrative remedies are not adequate and that these remedies are futile. But when examining whether a prisoner has properly exhausted administrative remedies, the adequacy of those remedies is not considered. The prisoner has an obligation to pursue administrative remedies, even if those remedies are flawed. *Booth v. Churner*, 532 U.S. 731, 739-40 (2001); *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (en banc). So where a prisoner personally believes a grievance will be futile, exhaustion is not excused. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). Though Washington objects to the adequacy of the grievance procedures, this problem does not excuse his failure to exhaust these procedures, nor does it prevent the defendants from obtaining summary judgment.

Based on the previous analysis, and being advised of all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1.  The defendants' motion for summary judgment (Doc. No. 33) be **GRANTED.**

    2.      Washington's motion against summary judgment (Doc. No. 42) be **DENIED.**

    3.      This matter be **DISMISSED WITH PREJUDICE.**

Dated this 11th day of October, 2006.      s/Jeanne J. Graham

                                              JEANNE J. GRAHAM
                                              United States Magistrate Judge

**NOTICE**

      Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by October 31, 2006. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.